**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **DONALD E HENRY and LISA NELL HENRY, as Guardians of B.M., an Adult Ward,** | § § § § | |
| **Plaintiffs,** | § § | |
| | § | **CIVIL ACTION NO: 7:12-CV-198–O-KA** |
| V | § § § | |
| **NORTH TEXAS STATE HOSPITAL, et al,** | § § § | |
| **Defendants.** | § | |

FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Default Judgement against Defendant Jordan Long. Pursuant to the Order of Referral (Docket No. 44) an evidentiary hearing was conducted before the undersigned on the 25th day of March, 2014 to determine the nature and amount of damages, if any, to be assessed against the defaulted Defendant Jordan Long and to make a recommendation thereof to the District Court. Plaintiffs Donald E. Henry and Lisa Nell Henry appeared in person and by their attorney, Rickey G. Bunch, and announced ready. Defendant Jordan Long appeared in person without counsel and announced ready. After summarizing the status of the case as reflected by the preceding orders of the District Court, the Court proceeded to take testimony concerning the damages and attorney fees. After hearing and considering the testimony, reviewing the admitted exhibits, and the arguments of counsel, I find and conclude as follows:

Elements of Damage and Principles

Plaintiffs' active pleading at the time of the evidentiary hearing was Plaintiffs' Amended

1

Complaint (Docket No. 14) wherein Plaintiffs prayed for damages as follows:

1. Physical and mental pain and suffering B.M. experienced in the past and in the future;

2. Damages "consistent with the allegations of this complaint;"

3. Exemplary damages against Defendant Long;

4. Reasonable attorney's fees for trial and appeal;

5. Costs herein expended; and,

6. Pre-judgment and post-judgment interest.

There was no pleading for lost wages (past or future), medical expenses (past or future), loss of consortium (past or future).

This case is brought by the Plaintiffs as guardians of B.M., an adult ward, who was adjudicated as a a person with mental retardation by the District Court of Wichita County, Texas. Plaintiffs brought this civil rights suit under 42 U.S.C.§ 1983 alleging that Defendant Long, together with others, injured B.M. by use of excessive force while B.M. was in custody of the North Texas State Hospital in Vernon, Texas. The District Court, incident to entering a default against Defendant Long, found that Long had violated B.M.'s Constitutional right and that damages therefore were recoverable from Long.[1] When § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986). In *Carey v. Piphus*, 435 U.S.247 (1978) the Supreme Court had previously held that the "principle of compensation" governs damage awards under § 1983 since the basic purpose of the statute is "to compensate persons for injuries caused by the deprivation of constitutional rights." In applying that principle,

---

[1] Order Granting Motion for Default Judgment, Docket No. 43.

the Court instructed that courts should be guided by the elements of damages allowable in comparable common law tort actions. However, the Court also admonished that the damage award in a § 1983 action must be tailored to the particular civil rights violation in question. See also, *Keyes v. Laugu*, 635 F.2d 330,336 (5th Cir. 1981)(The principals of common law torts govern the recovery of damages in 42 U.S.C. § 1983 actions) and *Marrero v. City of Hialeah*, 625 F.2d 499 (5th Cir. 1980).

For excessive force claims courts have awarded damages for injuries for ....loss of earnings, *pain and suffering*, medical expenses, mental and emotional distress, anxiety, embarrassment, nervousness, humiliation and injury to reputation and dignity." *Fox v. Hayes*, 600 F.3d 819,846 (7th Cir. 2010)(emphasis supplied).  "Damages in tort cases are designed to provide compensation for the injury caused. *Memphis*, *supra*. Compensatory damages include not only out of pocket costs, but also injuries such as impairment of reputation and mental anguish and suffering. *Id*. When awarding damages, the court must keep in mind that "the basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights."

<u>The Evidence</u>

At the hearing Plaintiffs' counsel introduced evidence and testimony on the following elements of damage:

1. B.M.'s pain and suffering in the past;
2. The expenses for B.M.'s medical treatment incurred in the past;
3. Plaintiffs' out-of-pocket expenses incident to the trial; and,
4. Plaintiffs' attorneys fees through trial (relating solely to Defendant Long).

<u>Pain and Suffering
A Standard</u>

As indicated in *Fox v. Hayes*, pain and suffering are proper elements of damage in a tort case.

3

As to how to monetize a recovery for pain and suffering, state and Federal courts in this Circuit have wrestled with formulas based upon "unit-of-time" measures. In *Rainbow Express, Inc. v.. Unkenholz*, 780 S.W.2d 427, 433 (Tex.Civ.App. 1983) a Texas court stated:

> "There is no yardstick or scale to measure or weigh the pain. The law recognizes that pain is a proper item for recovery and that it is susceptible only to an approximate money evaluation. Sunset Brick & Tile, Inc. v. Miles, 430 S.W.2d 388 (Tex. Civ. App. -- Corpus Christi 1968, writ ref'd n.r.e.). Future pain is necessarily speculative, and it is particularly within the province of the jury to set the amount of such damages. Ruffo v. Wright, 425 S.W.2d 663 (Tex. Civ. App. -- San Antonio 1968, no writ)."

As to the use of a "unit-of-time" measure to assess damages for pain and suffering, Texas state courts have recognized and accepted such use. In *Sunset Brick & Tile, Inc. v. Miles*, 430 S.W.2d 388, 390 (Tex.Civ.App. 1968) the Court opined:

> "The propriety of arguments grounded upon mathematical analysis has been long accepted by the appellate courts of this state. Justice Pope had this to say relative to such contentions in the case of Hernandez v. Baucum, 344 S.W.2d 498 (Tex.Civ.App.-San Antonio 1961, n.r.e.):
>> "The propriety of arguments grounded upon a mathematical analysis has been accepted in Texas. Texas & New Orleans R. Co. v. Flowers, Tex.Civ.App., 336 S.W.2d 907, 916; Louisiana & Arkansas Railway Co. v. Mullins, Tex.Civ.App., 326 S.W.2d 263, 267–268; Continental Bus System, Inc. v. Toombs, Tex.Civ.App., 325 S.W.2d 153, 163; Texas Employers' Ins. Ass'n v. Cruz, Tex.Civ.App., 280 S.W.2d 388, 390; J. D. Wright & Son Truck Line v. Chandler, Tex.Civ.App., 231 S.W.2d 786, 789."

Federal Courts in this Circuit have likewise accepted the unit-of time measure, provided that in a jury trial an appropriate instruction be given to the jury. In *Baron Tube Co. v. Transport Ins. Co.*, 365 F.2d 858 (5th Cir. 1966) the court found that "Thus, on balance, our view is that a unit of time type of argument is not improper where accompanied by a suitable cautionary instruction." *See also, Foradori v. Harris*, 523 F.3d 477, 511 (5th Cir. 2008)(Finding that a unit-of-time argument is not reversible *per se* but may be allowed; within the trial court's discretion; when couched with

4

proper safeguards or otherwise cured." See also, *Harmeyer v. Dohm*, 2007 U.S.Dist. LEXIS 8207, p. 6 (E.D. La 2007) recognizing that *BaronTube* is still allows "unit-of-time" argument so long as a proper limiting instruction is given.

## The Pain Evidence

Plaintiffs' counsel elicited testimony from B.M.'s state appointed attorney from the office of the Wichita County Public Defender as to the effect of the assault causing B.M.'s unconsciousness and the subsequent hospitalization. He also testified that B.M. had sustained a subdural hematoma. Also from the Duty Nurse who came upon the scene after the assault, she established that B.M. was knocked unconscious with large knot on the side of his head and an abrasion on his forehead and a possible eye injury. She testified that B.M. did not regain consciousness notwithstanding her treatments and that she initiated the 911 call that resulted in the ambulance that took B.M. to the local hospital for treatment. While she saw B.M. after he returned to the state mental institution, she did not remark as to his then condition. B.M.'s mother testified that B.M.'s mental acuity in the hospital during his stay seemed to her to be diminished from his condition before the assault. B.M.'s state appointed attorney noted a similar diminution of B.M.'s mental functioning during his meetings with B.M. after the hospitalization. The three day duration of B.M.'s hospitalization was established by the hospitals' billings.[2]

I find that B.M. experienced pain and suffering from this assaultive occurrence in the past for at least three days, the period of his treatment in the local hospitals in Vernon and Wichita Falls, Texas. I find that B.M. experienced head trauma (a subdural hematoma) that caused an extensive period of unconsciousness, disorientation and temporary loss of mental acuity after he gained

---

[2] At Wilbarger General Hospital (Plaintiffs' Exhibit 6) and United Regional Health Care Services (Plaintiffs' Exhibit 7).

consciousness. I find that he sustained some degree of diminished mental acuity for at least a month after the occurrence.  I find that the excessive force applied by Defendant Long was the proximate cause of the unconsciousness, pain and loss of mental acuity experienced by B.M.  In evaluating the amount of pecuniary compensation to be awarded to B.M. for past pain and suffering, I have taken into consideration the witnesses' testimony as to its intensity and duration of pain as well as the medical records that reflect his treatment therefore.  I have further considered his mother's and his attorney's testimony concerning B.M.'s diminished mental acuity for about one month after the event. Based upon the evidence, I find that the sum of $10,000.00 will fairly compensate B.M. for B.M.'s past pain and suffering, which sum is no more, nor less, than the amount to which B.M. is entitled.

I find that Plaintiffs' evidence of B.M.'s possible pain and suffering in the future and loss of mental acuity is too speculative for assessment of damages by this Court.

## Medical Expenses

I find that Wilbarger General Hospital reasonably charged $3,368.78 and that United Regional Health Care System reasonably charged $13,311.45, each for the provision of necessary medical services to and for the benefit of B.M. as a result of the assault. But I find that there was not sufficient proof that the medical expenses represented in Exhibits 6 and 7 were paid by, or on behalf of, B.M. by B.M. or by the Plaintiffs.  Indeed, each of the billings note the payment credit to State Hospital. They may have been paid by the State Hospital or pursuant to Medicare, but there was no showing that they were a pecuniary loss to B.M. Accordingly, I conclude that I cannot recommend the award of those costs as compensation to Plaintiffs.

## Out-of-Pocket Costs

I find that Plaintiffs' incurred $56.40 to effect service upon Defendant Long pursuant to the District Court's Order and the sum of $64.81 for copies of B.M."s medical records at Wilbarger general hospital, for both of which Plaintiffs are entitled to be reimbursed.

## Attorney's Fees and Expenses

I find that Plaintiffs are entitled to be reimbursed for their reasonable attorneys fees and expenses incurred in respect to the pursuit of B.M.'s claims solely against Defendant Long. I find that the rate of $200.00 per hour is the reasonable rate per hour in this community for the nature of this civil rights case taking into consideration the experience and background expertise of Plaintiffs' counsel and the nature of his law practice.  In calculating the amount of the fees I have considered all of the Lodestar elements and based upon the rate and the reasonable and necessary hours expended, I recommend that Plaintiffs be reimbursed for their attorney's fees in the amount of $8470.22 and the sum of $594.72 for the attorney's reasonably incurred expenses.

## Exemplary Damages

As to punitive damages, I have considered the reprehensible conduct of Defendant Long as shown in the video of the assaultive event and the effect that the assault had upon B.M. physically and mentally and upon the community that bore the expenses of B.M.'s treatment. Considering both the deterrent effect upon Long, individually, and upon the mental health workers similarly situated, I recommend that the District Court assess exemplary damages in the amount of $20,000.00 which is fairly related to the actual damages caused by Long's actions and which bears a reasonable relationship to the amount of actual damages incurred.  Finally, this sum of exemplary damages is no more, nor less, than I find should be assessed.

### Costs of Court

Plaintiffs' costs of court related to Defendant Jordan Long are already included in the foregoing assessments.

### Recommendation

Based upon the foregoing findings and conclusions, I recommend to the District Court that a final judgment be entered in this cause against Defendant Jordan Long awarding damages to Plaintiffs in the amounts and for the categories of damage found above.

### Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 26th day of March, 2014.

*/s/ Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE